# CIRCUIT COURT OF THE CITY OF ROANOKE

Melissa M. Brown

v.

Hobart Corp.
and Wagner
Food Equipment, Inc.

January 8, 2002

Case No. CL00-198

BY JUDGE ROBERT P. DOHERTY, JR.

This matter is before the Court on the motion for summary judgment of Defendant Wagner Food Equipment, Inc. ("Wagner") and the motion for summary judgment of Hobart Corporation ("Hobart").

Upon the pleadings and the answers to the requests for admissions, the Court finds that on March 3, 1998, the Plaintiff slipped and cut her arm on a partially disassembled automatic deli slicer while reaching across the machine to clean the wall behind it. The automatic deli slicer was manufactured by Defendant Hobart and distributed to the Plaintiff's employer by Defendant Wagner. The automatic deli slicer had a round blade that could be upturned at an angle from the cutting board and exposed for slicing deli products. For safety purposes, the angle of the blade could also be adjusted downward so that the blade lay flush with the cutting board, to avoid exposure of the cutting edge. At the time of the accident, the blade was resting in an upturned position. The automatic deli slicer also possessed protective guards that had to be removed in order to clean the blade. The protective guards had been removed by another employee for such purpose at the time of the accident.

The Plaintiff brought this present action against the Defendants on the grounds that the Defendants were negligent in the manufacture and

distribution of the automatic deli slicer and that the automatic deli slicer was of a defective and unreasonably unsafe design. In oral argument, the Plaintiff indicated that the ability given to users of the machine to remove the protective guards for cleaning purposes was the primary design flaw alleged.

In support of their respective motions for summary judgment, the Defendants have relied upon *Logan v. Montgomery Ward & Co.*, 216 Va. 425, 219 S.E.2d 685 (1975), which provides that, in a product liability case, under either a warranty theory or a negligence theory, as is the case here, a plaintiff must show that (1) the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands. *Id.* at 428, 219 S.E.2d at 687.

The evidence shows that the automatic deli slicer was not being used for its ordinary purpose, i.e. slicing deli meats and cheeses, at the time of the accident. Rather, it appears that the protective guards had been removed for cleaning purposes and the machine was in an "off" position. Clearly the removal of the protective guards for cleaning purposes was reasonably foreseeable by the Defendants, as would be the possibility that a person could accidentally come into contact with the machine after the protective guards had been removed. However, the safety feature that allowed for the adjustment of the angle of the cutting blade appears to have been designed to prevent someone from inadvertently coming into contact with an exposed blade. Had the cutting blade been positioned so that it was flush with the cutting surface, the Plaintiff's injury would not have been incurred, even though the protective guards had been removed.

Based on the evidence, it is apparent that the automatic deli slicer manufactured and distributed by the Defendants was not unreasonably dangerous. The safety features provided by the manufacturer were simply not utilized, and, as a direct result, the Plaintiff was injured. The Defendants cannot be required to provide accident-free devices or to provide layer upon layer of safety features in case one or more such features are ignored. *Jeld-Wen, Inc. v. Gamble*, 256 Va. 144, 148, 501 S.E.2d 393, 396 (1998). Moreover, it appears from the evidence that, although the Plaintiff knew that the protective guards had been removed and that the cutting blade could be turned flush with the cutting surface, she failed to make any adjustments to the angle of the cutting blade before reaching over the machine to clean the wall behind it. Accordingly, it appears that the negligence which led to the accident was on the part of the Plaintiff and not on the part of the Defendants.

Based on the foregoing, the Court grants the motions for summary judgment of both Defendants.